IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DANIEL A. DURAN TERRAZAS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Case No. **3:26-CV-2186-L-BN** |
| | § | |
| **WARDEN GONZALES,** | § | |
| | § | |
| Respondent. | § | |

**ORDER**

On September 2, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 15) was entered, recommending that the court dismiss without prejudice this habeas case brought pursuant to 28 U.S.C. § 2241 because Petitioner Daniel A. Duran Terrazas ("Petitioner") has failed to prosecute his case in compliance with Federal Rule of Civil Procedure 41(b). No objections to the Report were filed, and the fourteen-day deadline for doing so has expired.

On July 16, 2026, the magistrate judge entered a Notice of Deficiency ("Notice") (Doc. 7) notifying Petitioner that he had not paid the filing fee, and his motion to proceed in forma pauperis was incomplete. Petitioner was ordered to cure the deficiencies by August 17, 2026, and was warned that failure to do so "will result in recommendation that the petition be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)." The Report also noted that Petitioner was no longer in the Immigration and Customs Enforcement's ("ICE") detainee locator system.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for a party's failure to prosecute or comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citation omitted); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996)

(footnote and citation omitted). This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co*., 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d at 880 (footnote and citation omitted). Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket. *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

Circuit precedent provides that if lesser sanctions have proved futile, the court may dismiss an action with prejudice. *Hornbuckle v. Arco Oil & Gas Co*., 732 F.2d 1233, 1237 (5th Cir. 1984) (footnote omitted). The following factors must be present before a district court may dismiss with prejudice for a litigant's refusal to follow a court order:

> (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)) (other citations omitted); *Berry v. Cigna/RSICCigna*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Here, there is a clear record that Petitioner received the magistrate judge's Notice and did not comply with it, despite subsequently filing a Motion for a Temporary Restraining Order. Docs. 8-10. The deadline to comply with the Notice has passed, and since July 23, 2026, all attempted deliveries of orders from the court to Petitioner have failed. Docs. 13 & 16. Because Petitioner has not complied with the Notice, the case has been unable to move forward. The conduct is attributable to Petitioner, as he is proceeding pro se, and less drastic sanctions would not provide a deterrent effect. This is because, as noted above, Petitioner's mail has been returned as undelivered since July, and he is no longer able to be located in the ICE system. The magistrate judge recommends, and the court agrees that the dismissal should be **without prejudice**.

Having considered the habeas petition, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** the section 2241 Petition and this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability, as it determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."[*] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this

---

[*] Rule 11 of the Rules Governing Section 2254 provides as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing

determination, the court accepts and incorporates by reference the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the applicable appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

**It is so ordered** this 22nd day of October, 2026.

Sam A. Lindsay
United States District Judge

---

required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(**b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.